UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
AUSTIN COHEN,

                Plaintiff,                      **ORDER**

              -against-                    25-CV-04276 (NRM) (JAM)

CHASE BANK; EXPERIAN;
TRANSUNION; EQUIFAX,

                Defendants.
---------------------------------------------------x
NINA R. MORRISON, United States District Judge.

      By Order dated August 15, 2025, the Court denied Plaintiff Austin Cohen's request to proceed *in forma pauperis* ("IFP") and granted him fourteen (14) days to pay the $405.00 filing fee. ECF No. 4. Instead, on August 19, 2025, Plaintiff filed a long-form application to proceed IFP. ECF No. 7. A review of the long-form application indicates that Plaintiff has $19,000.00 in a checking account at TD Bank. *Id.* at 2.

      To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (citation modified). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting

1

litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024) (citation modified).  Determining whether an applicant qualifies for IFP status is within the discretion of the district court.  *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion); *Panarello v. Suffolk Cnty.*, No. 2:25-CV-1243, 2025 WL 1384155, at *2 (E.D.N.Y. May 13, 2025).  The Court determines that, based on Plaintiff's IFP application, he does not meet the requirement to proceed with this action without prepaying the filing fee.  Therefore, his request to proceed IFP is denied.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that Plaintiff's request to proceed IFP is denied.  If Plaintiff intends to proceed with this action, within 14 days from the date of this Order, he is to pay the filing fee of $405.00 to the Clerk of Court.  If Plaintiff fails to pay the required filing fee in a timely manner, the action will be dismissed without prejudice and without further notice; and

ORDERED that the Clerk of Court is directed to mail a copy of this Order to the Plaintiff, and

ORDERED that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                              */s/ Nina R. Morrison*
                                              NINA R. MORRISON
                                              United States District Judge

Dated:      October 6, 2025
               Brooklyn, New York